

# NUMBER 13-20-00276-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

## EX PARTE H.E.A.

### On appeal from the 440th District Court
### of Coryell County, Texas.

# ORDER ABATING APPEAL

### Before Chief Justice Contreras and Justices Hinojosa and Silva
### Order Per Curiam

Appellee H.E.A. filed a petition in 2019 seeking to expunge the records relating to a 2005 driving while intoxicated (DWI) charge of which he was acquitted. *See* TEX. CODE CRIM. PRO. ANN. arts. 55.01–.02. On December 23, 2019, the trial court issued its order granting the expunction. Appellant Texas Department of Public Safety (the Department) appealed the trial court's expunction order, arguing in relevant part that appellee is "not entitled to an expunction because his acquittal arose out of the same criminal episode" as his convicted DWI offenses from 2006 and 2009, and a DWI offense from 2019

remains subject to prosecution. *See id.* art. 55.01(c) ("A court may not order the expunction of records and files relating to an arrest for an offense for which a person is subsequently acquitted . . . if the offense for which the person was acquitted arose out of a criminal episode, as defined by Section 3.01, Penal Code, and the person was convicted of or remains subject to prosecution for at least one other offense occurring during the criminal episode.").

Recently, the Texas Supreme Court granted review and heard oral arguments on a similar issue in a case arising from our sister court. *See Ex parte Ferris*, 613 S.W.3d 276 (Tex. App.—Dallas 2020, pet. granted). At issue in *Ex parte Ferris* is whether the trial court should not have expunged the applicant's records relating to "a 2018 DWI arrest— even though he was acquitted" because the Department avers "the 2018 DWI arrest 'arose out of a criminal episode' involving the commission of the same offense as [his] 2014 DWI conviction." *Id.* at 282.

Having reexamined and reconsidered the documents on file, this Court, on its own motion, issues the following ruling. This appeal is ABATED until such time as the Texas Supreme Court issues its opinion in the direct appeal of the aforementioned cause. After which, we direct appellant to promptly file a motion to reinstate the appeal, which shall reference and include a copy of the opinion issued by the Texas Supreme Court.

PER CURIAM

Delivered and filed on the
2nd day of May, 2022.